**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RUSTY W. BESEAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 2:14-cv-01952-GMN-GWF |
| vs. | ) |
| | ) |
| NANCY A. BERRYHILL, Acting | ) **ORDER** |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Pending before the Court is the Motion to Remand, (ECF No. 19), filed by Plaintiff Rusty W. Beseau ("Plaintiff") and the Cross-Motion to Affirm, (ECF No. 24), filed by Defendant Nancy A. Berryhill[1] ("Defendant" or "the Commissioner"). These motions were referred to the Honorable George Foley, United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). In the Report and Recommendation ("R&R"), (ECF No. 26), Judge Foley recommended that Plaintiff's Motion to Remand be granted. The Commissioner filed an Objection, (ECF No. 29), and Plaintiff filed a Response, (ECF No. 30).

**I.     BACKGROUND**

Plaintiff brings this action against Defendant in her capacity as the Commissioner of the Social Security Administration, pursuant the Social Security Act, 42 U.S.C. § 405(g). (Compl., ECF No. 1). Plaintiff seeks judicial review of a final decision of the Commissioner of the

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

Social Security Administration denying his claims for social security disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–403. (*Id.* ¶ 9).

Plaintiff applied for both disability insurance benefits and supplemental security income on July 16, 2011, which were denied initially, upon reconsideration, and after a hearing before an Administrative Law Judge ("ALJ"). (R&R 1:23–2:7, ECF No. 26). Plaintiff timely requested Appeals Council review of the ALJ's decision, which was denied on September 25, 2014. (*Id.*). Plaintiff then filed his Complaint and the instant Motion in this Court.

## II.   LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. Local R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3-2(b).

## III.   DISCUSSION

The Commissioner challenges Judge Foley's finding that the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's credibility. In the absence of affirmative evidence that the claimant is malingering, the ALJ's reasons for rejecting the credibility of the claimant's testimony regarding the severity of his pain or other symptoms must be specific, clear, and convincing. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). An ALJ is permitted to look at inconsistencies between a claimant's subjective representations and the objective medical evidence; however, such inconsistencies cannot be the sole ground for discrediting a claimant. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). In the Report and Recommendation, Judge Foley found that the ALJ "based his credibility determination solely on the lack of objective

medical evidence in the record that would substantiate Plaintiff's testimony." (R&R 14:28–15:2).

The Commissioner argues that, despite the lack of credibility analysis in the ALJ opinion, the Magistrate Judge erred by failing to draw reasonable inferences from the opinion that support the ALJ's adverse credibility finding. (*See* Obj. 5:19–22, ECF No. 29). Specifically, the Commissioner asserts that "the ALJ's discussion of the evidence of record as part of the residual functional capacity (RFC) determination underscores that he provided multiple legally sufficient reasons for discrediting Plaintiff's allegations of disabling functional limitations." (*Id.* 2:9–12). The Ninth Circuit has explicitly rejected this argument, stating that "a summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015).

Here, the ALJ's credibility analysis merely stated that Plaintiff's assertions were inconsistent with the RFC assessment and objective medical record. (A.R. at 26, ECF No. 14). Judge Foley properly noted that such "boilerplate" credibility findings were insufficient to meet the "clear and convincing" standard. *See Brown-Hunter*, 806 F.3d at 493-94; *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006). Without sufficient detail as to the basis of the ALJ's credibility finding, the Court cannot engage in a meaningful review. Accordingly, and having reviewed the Commissioner's objections *de novo*, the Court finds no basis on which to reject Judge Foley's findings and recommendations. The Court therefore remands this case for further proceedings consistent with Judge Foley's Report and Recommendation.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 26), is accepted and adopted in full.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand, (ECF No. 19), is **GRANTED** consistent with the foregoing, and Defendant's Cross-Motion to Affirm, (ECF No. 24), is **DENIED**.

**IT IS FURTHER ORDERED** that this case is remanded to the Social Security Administration for further proceedings.

The Clerk of Court is instructed to close the case.

**DATED** this __28__ day of November, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge